UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROYLYN YOUNG

VERSUS

TRAVELER'S CASUALTY
INSURANCE COMPANY OF
AMERICA AND PARKER
SELF

CIVIL ACTION

NO. 18-313-SDD-EWD

## NOTICE AND ORDER

Plaintiff, Roylyn Young, ("Plaintiff"), filed a Petition for Damages (the "Petition") against "Travelers Insurance Agency, or in the alternative, an affiliate thereof" and Parker Self ("Self") in state court for damages allegedly arising out of an automobile accident.[1] Thereafter, Plaintiff filed a First Amended and Supplemental Petition for Damages (the "Amended Petition") naming Self and "Traveler's Casualty Insurance Company of America, or in the alternative an affiliate thereof"[2] as defendants.

On March 20, 2018, Consumers County Mutual Insurance Company ("Consumers") filed a Notice of Removal, asserting that this court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.[3] Consumers asserts that it was "improperly named as Travelers Insurance Agency and Traveler's Casualty Insurance Company of America" and that "the correct name of the insurance company that issued the policy is Consumers County Mutual

---

[1] R. Doc. 1-5.

[2] R. Doc. 1-5.

[3] R. Doc. 1.

1

Insurance Company."[4] As set forth herein, the Notice of Removal is deficient because (1) it does not set forth the citizenship of Traveler's Casualty Insurance Company of America (*i.e.*, the currently named insurer defendant) and (2) it does not establish that the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." Emphasis added. In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted). However, courts in this circuit have distinguished situations in which a removing party is misnamed (*i.e.*, all parties agree that the removing party is the proper defendant) and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case." *Lefort v. Entergy Corp.*, Civil Action No. 15-1245, 2015 WL 4937906, at * 3 (E.D. La. Aug. 18, 2015). Here, Plaintiff has consistently attempted to name a "Travelers" entity or an affiliate of Travelers as a defendant. Despite amending her Petition once already, Plaintiff has not named Consumers as a defendant. Accordingly, it is unclear whether Plaintiff agrees that Consumers is a proper (albeit misnamed) defendant in this action.

---

[4] R. Doc. 1, ¶ 3.

In its Notice of Removal, Consumers asserts that Plaintiff is a "citizen of the State of Louisiana" and that Self is a "citizen of the State of Texas."[5] Consumers further states that it is "corporation organized and incorporated under the laws of the state of Texas and has its principal place of business" in Texas.[6] To the extent Traveler's Casualty Insurance Company of America (*i.e.*, the currently named insurer defendant) is also diverse from Plaintiff, the question of which party is the proper insurer defendant does not affect whether this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*i.e.*, the *de facto* substitution of Consumers in the place of Traveler's Casualty Insurance Company of America – to the extent such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).

Additionally, in the Notice of Removal, Consumers asserts that the amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs based on Plaintiff's list of damages and communications with Plaintiff wherein she advised that she was being treated by a chiropractor for neck and back pain, was still treating as of the date of removal (*i.e.*, 13 months following the accident), and had undergone MRIs of her neck and back.[7] As a threshold matter, the Petition included as an exhibit to Consumers' Notice of Removal is incomplete. Therefore, the undersigned is unable to independently review the allegations set forth in the Petition. Per the Notice of Removal, Consumers asserts that Plaintiff seeks damages for, *inter alia*, disability as well as past, present, and future (1) pain and suffering, (2) mental anguish and suffering, (3) medical expenses, (4) lost wages, (5) loss of earning capacity, (6) loss of enjoyment of life, and (7) disfigurement and impairment.[8] Other than the alleged communications regarding Plaintiff's

---

[5] R. Doc. 1, ¶¶ 4 & 5(b).
[6] R. Doc, 1, ¶ 6(b).
[7] R. Doc. 1, ¶ 7.
[8] R. Doc. 1, ¶ 7(a).

"neck and back pain," there is no specific information regarding Plaintiff's injuries. Nor is there any information regarding Plaintiff's medical expenses, lost wages, or disability. There are no verified discovery responses (such as requests for admission), pre-removal settlement demands, or stipulations regarding the amount in controversy. Based on the information asserted in the Notice of Removal, the court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS HEREBY ORDERED** that Consumers County Mutual Insurance Company shall file a Motion to Substitute the Notice of Removal with a comprehensive Notice of Removal that alleges the citizenship of Traveler's Casualty Insurance Company of America (*i.e.*, the currently named insurer defendant). Consumers County Mutual Insurance Company shall have seven (7) days from this Notice and Order to file the Motion to Substitute.

**IT IS FURTHER ORDERED** that, within seven (7) days of this Notice and Order, Consumers County Mutual Insurance Company shall file a copy of the complete state court record, including a complete copy of Plaintiff's Petition for Damages, into the record. *See*, 28 U.S.C. § 1447(b).

**IT IS FURTHER ORDERED** that Consumers County Mutual Insurance Company shall file a memorandum and supporting evidence concerning subject matter jurisdiction, specifically whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within ten (10) days of this Notice and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file either: (1) a memorandum and supporting evidence concerning the court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand, within

ten (10) days after the filing of Consumers County Mutual Insurance Company's memorandum regarding subject matter jurisdiction.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on April 6, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**